Dismissed and Opinion and Concurring Opinion filed July 20, 2004









Dismissed and Opinion and
Concurring Opinion filed July 20, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00998-CV

_______________

 

DIAMOND PRODUCTS INTERNATIONAL, INC., Appellant

 

V.

 

ARTHUR M. HANDSEL, Appellee

_________________________________________________________

 

On Appeal from the 280th District Court

Harris County, Texas

Trial Court Cause No. 02‑38531

_________________________________________________________

 

C
O N C U R R I N G   O P I N I O N

It
is correct to construe the instrument filed by appellant Diamond Products
International, Inc. (ADPI@) as an application for permission to appeal and to deny that
application.  I write separately to point
out procedural uncertainties that presently exist due to the failure of our
current rules to provide a procedure for permissive interlocutory appeals. In
concurring in the court=s judgment, I also note that we need not make any broad
pronouncements about what constitutes a Acontrolling question of law@ to deny this application.








Within
ten days after the trial court signed the order from which DPI seeks to appeal,
DPI filed an instrument entitled ANotice of Appeal@ in this court.  See Tex.
Civ. Prac. & Rem. Code ' 51.014(d)B(f) (Vernon Supp. 2004).  Although denominated a notice of appeal, the
instrument states that this appeal is under the permissive interlocutory appeal
statute and that DPI desires to appeal. 
It is reasonable to construe this instrument as including an application
for permission to appeal under section 51.014(f) of the Texas Civil Practice
and Remedies Code.  See id., ' 51.014(f).  

DPI
asks this court to review the trial court=s denial in part of DPI=s traditional motion for summary
judgment.  This motion asserted that all
of appellee Arthur Handsel=s claims against DPI are barred based on the statute of
frauds and Handsel=s alleged employment-at-will status.  DPI=s motion for summary judgment was
based in part on excerpts from Handsel=s deposition.  Although the motion states that these
deposition excerpts are attached as an exhibit, our record contains no such
exhibit and the clerk of the trial court recently certified that DPI=s motion does not include the
referenced exhibit.  Whether the trial
court correctly denied part of a traditional motion for summary judgment that
was filed without any summary-judgment evidence attached to it does not involve
Aa controlling question of law as to
which there is a substantial ground for difference of opinion.@ Id., ' 51.014(d).  Therefore, this court is correct to deny the
application and dismiss the appeal.








In
denying DPI=s application, this court does not
and need not take a position as to whether a notice of appeal must be filed at
some point in the process of pursuing an appeal under the permissive
interlocutory appeal statute.  See id.,
' 51.014(d)B(f). 
The question, however, is one of several provoking discussion due to
uncertainties in the current statutory framework for these types of
appeals.  If the trial court signs an
agreed order under section 51.014(d), the statute requires that an Aapplication [be] made to the court of
appeals that has appellate jurisdiction over the action not later than the 10th
day after the date an interlocutory order under Subsection (d) is entered . . .
. @ Id., ' 51.014(f).  The statute does not specify who should file
the application; however, if such an application is filed, Athe appellate court may permit an
appeal to be taken . . . .@  Id.  The statute also does not specify how such an
appeal should Abe taken.@ 


Unfortunately,
the rules of appellate procedure have not yet made allowances for this type of
appeal.  Under the current rules, an
appeal is perfected when a written notice of appeal is filed.  Tex.
R. App. P. 25.1(a).  Appeals from
interlocutory orders, when allowed, are accelerated appeals.  Tex.
R. App. P. 28.1.  In accelerated
appeals, the notice of appeal must be filed within twenty days after the
signing of the order or judgment being appealed.  Tex.
R. App. P. 26.1(b).  In the
absence of a statute or rule that specifies whether a notice of appeal should
be filed in these appeals, there are at least two possibilities: (1) following
a procedure similar to that described in Federal Rule of Appellate Procedure 5,
under which a notice of appeal does not need to be filed because a notice of
appeal is deemed to have been filed when the appellate court grants permission
to appeal, see Fed. R. App. P. 5(d)(2)[1];
or (2) requiring the appellant to file a notice of appeal in the normal manner
under Texas Rules of Appellate Procedure 25B28, see Tex. R. App. P. 25B28. 









Some
courts might invoke the first procedure in reliance on the appellate court=s authority to allow an appeal under
the statute.  See Tex. Civ. Prac. & Rem. Code ' 51.014(f) (Athe appellate court may permit an
appeal to be taken . . .@).  If the statute does
not dispense with the requirement that a notice of appeal be filed in order for
an appeal to be taken, then an appellate court might decide to adopt the first
procedure by using its power to suspend the operation of the rules, as provided
in Texas Rule of Appellate Procedure 2.  See
Tex. R. App. P. 2 (AOn a party=s motion or on its own initiative an
appellate court may C to expedite a decision or for other good cause C suspend a rule=s operation in a particular case and
order a different procedure; but a court must not construe this rule . . . to
alter the time for perfecting an appeal in a civil case@). 


On
the other hand, if an appellate court concluded that the statute and the rules
do not allow parties to take a permissive interlocutory appeal without filing a
written notice of appeal, then the second procedure might be deemed to
apply.  In that event, a notice of appeal
would need to be filed no later than twenty days after the signing of the order
from which appeal is being taken, in which case it would be prudent for an
appealing party to file both an application for permission to appeal and a
notice of appeal at the same time. 
See Tex. R. App. P.
26.1(b).  

The
administration of justice for permissive interlocutory appeals would be well
served if this uncertainty in current appellate practice and procedure were
eliminated.  One way to do so would be to
amend the Texas Rules of Appellate Procedure to include a procedure for
permissive interlocutory appeals. 
However, until such a procedure is adopted or until these issues are
resolved by caselaw, it would seem sensible and prudent for appealing parties to
file an application for permission to appeal and a notice of appeal at the same
time, and perhaps in the same instrument. 
See Warren W. Harris & Lynne Liberato, State Court
Jurisdiction Expanded to Allow for Permissive Appeals, 65 Tex. B.J. 31, 32
(2002) (stating that A[i]n state court, until a rule or the courts determine that a
notice of appeal is unnecessary, it is advisable to file a notice of appeal
within the 10-day period for bringing the permissive appeal@). 
We need not and do not address these issues in the case before us today,
and parties should not read today=s decision as indicating that there
is no place for filing a notice of appeal in permissive interlocutory appeals
under section 51.014(d)B(f) of the Texas Civil Practice and Remedies Code.  That issue is for another day. 








            Furthermore, though it may be a rare
occurrence, it is possible that, in some cases, a controlling question of law
as to which there is substantial ground for difference of opinion might arise
in the context of determining whether a fact issue exists in a summary-judgment
context.  We need not address this
broader issue to deny permission to appeal in this case.  A review of the trial court record and the
appellate briefs shows that the statutory criteria are not satisfied because of
the absence of evidence to support the motion for summary judgment and because
of factual issues related to DPI=s asserted grounds for summary
judgment.

 

/s/        Kem Thompson Frost

Justice

 

Dismissed and Opinion
and Concurring Opinion filed July 20, 2004.

 

Panel consists of Justices Frost, Edelman and Seymore.
 (Seymore, J., opinion.)  (Edelman, J., concurs in result only.)

 

 

 











[1] This provision states:

A notice of appeal need not be filed. The date when
the order granting permission to appeal is entered serves as the date of the
notice of appeal for calculating time under these rules.

  Fed.
R. App. P. 5(d)(2).